UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:18-CR-52-DBH |
| | ) | |
| ERIC MALMSTROM, | ) | |
| DEFENDANT | ) | |

## MEMORANDUM DECISION ON SENTENCING ISSUE

The question I address here is whether a particular sentencing guideline enhancement applies when an employee of a foreign government is a victim. A jury convicted the defendant of three counts of threatening interstate communications directed at a Swedish Embassy employee in Washington, D.C. For sentencing purposes, the government requested, and the Presentence Report recommended, a 6-level enhancement in the Guideline range under Guideline Section 3A1.2(b). That enhancement applies if the victim was "a government officer or employee" and the offense "was motivated by such status." See id.[1] The defendant argues that the enhancement does not apply in the case of *foreign* government officers or employees such as those of the Swedish Embassy. See Sentencing Mem. at 7 (ECF No. 101). I concluded at the sentencing hearing on

---

[1] The substantive language—to which Section 3A1.2(b) relates back—comes from Section 3A1.2(a):
    "If (1) the victim was (A) a government officer or employee; (B) a former government officer or employee; or (C) a member of the immediate family of a person described in subdivision (A) or (B); and (2) the offense of conviction was motivated by such status, increase by 3 levels."

February 26, 2019, that the enhancement does not apply but, because there is scant authority on the issue, I said that I would issue a written opinion, and I do so here.

***Text and Commentary of Guideline 3A1.2***

Guideline 3A1.2 does not define the scope of its terminology "a government officer or employee" in either the text or the Commentary.

Application Note 1 does state (and has always stated): "This guideline does not apply when the only victim is an organization, agency, or *the* government." (emphasis added). Perhaps that is some indication that the Commission's focus is the United States government, not governments of other countries. But it is hardly determinative.

***Text and Commentary of other Guidelines***

Unlike 3A1.2, other guidelines make clear when they apply to foreign governments. For example, Guideline 2B1.1, involving various theft, embezzlement and fraud crimes, specifies an enhancement for trade secret misappropriation where the defendant knew or intended that "the offense would benefit a foreign government, foreign instrumentality, or foreign agent." U.S.S.G. § 2B1.1(b)(14)(B).

That same guideline also uses the term "government entity" for a different enhancement, 2B1.1(b)(19)(A)(i). That enhancement deals with crimes under 18 U.S.C. § 1030, and Application Note 15 provides that "'Government entity' has the meaning given that term in 18 U.S.C. § 1030(e)(9)." The latter provision says explicitly that the term government entity there includes "any foreign country."

2

Guideline 2B3.2 involves certain types of extortion and is also applicable to certain section 1030 crimes. It provides an enhancement for damage to a computer system used "by or for a government entity in furtherance of the administration of justice, national defense, or national security," 2B3.2(b)(3)(B)(i). There the Commission states in Application Note 1 that "'Government entity' has the meaning given that term in 18 U.S.C. § 1030(e)(9)," again citing the provision that refers explicitly to foreign countries.

Guideline 2C1.1 involves bribes of public officials. The Background Note states:

> Section 2C1.1 also applies to offenses under 15 U.S.C. §§ 78dd-1, 78dd-2, and 78dd-3. Such offenses generally involve a payment to a foreign public official, candidate for public office, or agent or intermediary, with the intent to influence an official act or decision of a foreign government or political party. Typically, a case prosecuted under these provisions will involve an intent to influence governmental action.

Guideline 2C1.8 deals with election campaign fraud. It provides for enhancements when, as part of an illegal transaction, money comes <u>from</u> a "foreign national" or a "government of a foreign country." <u>Id</u>. at b(2). Application Note 1 defines those terms.

Guidelines 2M2.1, 2M3.1, 2M3.2, and 2M3.3 deal, respectively, with destruction of military material and use of national defense information to the advantage a foreign government or nation. They state explicitly that they do so. <u>See, e.g.</u>, U.S.S.G. § 2M3.2 cmt. background ("The statutes covered in this section proscribe diverse forms of obtaining and transmitting national defense

3

information with intent or reason to believe the information would injure the United States or be used to the advantage of a foreign government.")

These other guidelines[2] reveal that, in promulgating the guidelines, the Commission was aware that some crimes could involve foreign governments. The Commission made explicit provision for enhancements in those instances. Its failure to do so in Guideline 3A1.2 is, thus, some indication that the 3A1.2 enhancement is not directed at cases involving foreign government officers or employees.

***Amendment History of Guideline 3A1.2***

The guideline amendment history does not support the proposition that Guideline 3A1.1 should apply to foreign governments. As initially promulgated, the enhancement applied when victims were law enforcement or correction officers, as well as officials defined in 18 U.S.C. § 1114 and their immediate family members.[3] The category of law enforcement and corrections officers was not limited, but it seems unlikely that in creating this enhancement in 1987 the Commission was concerned about threats to (for example) Russian, Iranian, or North Korean law enforcement or corrections officers. In any event, "any other official as defined in 18 U.S.C. § 1114" was specifically limited to <u>federal</u> officials, because that is the scope of section 1114. As I said earlier, the first Application

---

[2] The parties have not referred to any other guideline or commentary that deals with foreign governments.

[3] "If the victim was any law-enforcement or corrections officer, any other official as defined in 18 U.S.C. § 1114, or a member of the immediate family thereof, and the crime was motivated by such status, increase by 3 levels." U.S.S.G. § 3A1.2 (Nov. 1987).

4

Note refers to "the government," an understandable reference when the guideline applied only to federal officials.

In 1989 the Commission changed the term "official" to "officer or employee," expanded all categories to include former officers or employees, and added assaultive behavior against law enforcement and corrections officers.[4] But officers or employees other than law enforcement or corrections officers still were limited to the <u>federal</u> category of section 1114.

In 1992 the Commission removed the limiting reference to section 1114 and redefined the victim category to apply the enhancement generally to any "government officer or employee [or] former government or employee" or immediate family member. It used the term "law enforcement or corrections officer" only for a new category of assaultive behavior.[5] The Commission stated: "This amendment expands the coverage of this guideline to apply in the case of

---

[4] After the 1989 amendment, the guideline read as follows:
> "If . . . the victim was a law enforcement or corrections officer; a former law enforcement or corrections officer, an officer or employee included in 18 U.S.C. § 1114; a former officer or employee included in 18 U.S.C. § 1114; or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status; or . . . during the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury . . . increase by 3 levels."

U.S.S.G. § 3A1.2 (Nov. 1989).

[5] After the 1992 amendment, the guideline read as follows:
> "If . . . the victim was a government officer or employee; a former government officer or employee; or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status; or . . . during the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury . . . add 3 levels."

U.S.S.G. § 3A1.2 (Nov. 1992).

any government officer or employee, former government officer or employee, or a member of the immediate family of any of the above, who is targeted because of the official conduct or position of that officer or employee."[6] Still, it made no mention that the federal official category now had been expanded to include *foreign* government employees. Soon after that amendment, courts began treating the enhancement for officer victims as applicable in the case of victims who were officers of a state government, not just the federal government.[7]

There were further amendments to Guideline 3A1.2 in 2002,[8] 2004[9] and 2010,[10] but they shed no light on the foreign government issue.

In sum, nothing in the amendment history of Guideline 3A1.2 suggests any Commission concern for foreign government officials or employees.

*Caselaw*

Cases the parties have found involving foreign governments do not give much help; at best they are divided. In United States v. Racich, 1995 WL

---

[6] See Amendment 455.
[7] United States v. Stewart, 20 F.3d 911, 918 (8th Cir. 1994) (deputy director of the Arkansas Department of Corrections could qualify as an "official victim"); United States v. Aman, 31 F.3d 550, 556-57 (7th Cir. 1994) (treating the amendment as expanding its coverage to a state judge, but finding an ex post facto violation in applying it to conduct that occurred before the amendment); United States v. Hudspeth, 208 F.3d 537, 539-40 (6th Cir. 2000) (holding—with one judge "reluctantly concurr[ing]"—that the expansion covered "conduct motivated by the work of state and local employees, or by their status as employees"); United States v. Alexander, 287 F.3d 811, 820 (9th Cir. 2002) (3A1.2 applies to state officials and employees); see also United States v. Abbott, 221 F. App'x 186, 189 (4th Cir. 2007).
[8] See Amendment 643 (expanding the category of persons who may be considered "official victims" in response to concerns expressed by the Bureau of Prisons in the wake of United States v. Walker, 202 F.3d 181, 190 (3d Cir. 2000), which held that an individual employed to supervise food service functions was not a corrections officer within the scope of 3A1.2).
[9] See Amendment 663 (restructuring the "official victim" enhancement and providing a two-tiered adjustment to seek higher penalties for offenses against federal officers and employees—allowing for a six-level adjustment if a defendant's offense guideline was from Chapter Two, Part A—in part because of the 21st Century Department of Justice Appropriations Authorization Act, Pub. L. 107-273).
[10] See Amendment 747 (amending Application Note 3 to provide an accurate reference to an enhancement in the robbery guideline).

257873, at *3 (9th Cir. 1995), the court stated that it was "a close question" whether the enhancement applied in the case of "foreign officials" (there Mexican police). Id. But it did not decide the issue because removing the enhancement would not have changed the defendant's sentence.

In United States v. Levario-Quiroz, 161 F.3d 903, 908 (5th Cir. 1998) (involving a challenged enhancement under U.S.S.G. § 3A1.2 for a gun battle with Mexican law enforcement officers), the defendant argued that the limiting definition of "law enforcement officer" in 18 U.S.C. § 232(7) controlled, but the court said that statutory definition delineated "'law enforcement officer' only for purposes of Chapter 12 of Title 18, which deals exclusively with domestic civil disorders." In the next sentence it said: "Therefore, Levario has not presented a valid reason that U.S.S.G. § 3A1.2 cannot apply if the defendant committed an assault upon a person reasonably recognizable as a law enforcement officer, whether foreign or domestic, during the course of the offense of conviction." Id. But the court then added immediately that the guideline enhancement nevertheless was *in*applicable because the conduct in question did not occur during the offense of conviction. Id. Thus, at best the Levario statement is dictum; more likely it is simply the court's negative characterization of the defendant's argument. The court gave no reasoning to support the proposition that the guideline *should* apply in the case of foreign law enforcement other than detailing the failure of Levario's argument on section 232(7).

In United States v. Kim, 2003 WL 22391190 (S.D.N.Y. Oct. 20, 2003), the court found that Guideline 3A1.2 on its face did not apply to United Nations employees. But, it ruled, "the Court finds the Sentencing Commission would

7

have included such persons as the equivalent of government employees had that fact scenario been presented to them," and proceeded to apply the enhancement. Id. at *5. Perhaps that was a departure, although the sentencing court did not call it such. But the court certainly said the guideline enhancement did not apply to the United Nations (which perhaps does not fit the ordinary definition of government—state, federal or foreign).

The most recent decision is United States v. Thaler, 7:13-cr-00616-VB (S.D.N.Y. 2015). See Tr. (ECF No. 102-1). There the court ruled: "I am not at all persuaded that this official victim enhancement was intended to apply to a foreign official or official's family. The government has cited no controlling or even persuasive authority to support their argument on this point." Id. at 33. It added: "There's also nothing in 3A1.2 to suggest that it applies to foreign officials. . . . And if they [the Sentencing Commission] had in mind officials of foreign countries I think they might have mentioned that and they didn't mention it." Id. at 34.

Thaler is the most direct holding on this issue. But collectively, the caselaw does not strongly support either party.

## Conclusion

In light of the text and commentary of other guidelines that refer explicitly to foreign governments and entities, as well as the amendment history of this guideline which started out as applicable to officials only when they were federal, I conclude that Guideline 3A1.2 does not apply in the case of a foreign government or employee. At best, the guideline is ambiguous on the subject. In the case of ambiguity, however, I apply the rule of lenity, United States v.

Stepanian, 570 F.3d 51, 57 n.11 (1st Cir. 2009); United States v. R.L.C., 503 U.S. 291, 305 (1992), and reach the same conclusion.  Consequently, I do not apply the 3A1.2 enhancement in this defendant's sentence for threatening a Swedish embassy employee.

**SO ORDERED.**

**DATED THIS 27TH DAY OF FEBRUARY, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**